[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a case where the plaintiff seeks to recover for property damage caused to her vehicle as a result of a motor vehicle accident on February 17, 1996, at approximately 9:30 A.M. on Sugar Hill Road in the town of Tolland.
The plaintiff alleges the defendant negligently backed his vehicle from a private driveway onto Sugar Hill Road into the path of her vehicle; that she was unable to stop in time to avoid colliding with the defendants vehicle.
The defendant has denied the allegations of negligence, but failed to plead contributory negligence on the part of the plaintiff.
While it is well-settled that a party to a civil action may appear pro se he is required to adhere to the rules of procedure and statutory requirements so that the opposing party may know what the issues in controversy are in order to prepare her or his case. Cersosino v. Cersosino, 188 Conn. 385, 393 (1982).
Connecticut General Statutes § 52-114 states in relevant part:
 In any action to recover damages for negligently CT Page 13289 causing . . . property damages, it shall be presumed that such person . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . and the burden of proving such contributory negligence shall rest upon the defendant. . .
Our Appellate Courts have held that the failure of a defendant in a negligence action to plead contributory negligence as an affirmative defense precludes any inquiry into negligent acts by the plaintiff. Bradford v. Herzig, 33 Conn. App. 714, 719
(1994) and cases cited therein.
The trial court is, of course, bound to follow the law as set forth by the appellate courts.
In this case the defendant testified as to the plaintiff's alleged contributory negligence, however, that testimony was submitted under a reservation of right by the plaintiff to raise the issue, which she later did.
There was evidence from both the plaintiff and the investigating police officer from which the Court concludes by a fair preponderance of the evidence that the defendant was negligent and that his negligence was a proximate cause of the accident. For the reasons stated above the Court is precluded from inquiring into the claimed negligence of the plaintiff.
In her pleadings, the plaintiff alleged that her vehicle was damaged as a result of the collision and she further alleges loss of use of her vehicle. (Paragraphs 7 and 8 of the complaint). The defendant, in his answer simply did not address these allegations. While § 10-19[1] of the Connecticut Practice Book would support a finding of implied admission, the testimony and evidence established that the plaintiff's vehicle was damaged.
The plaintiff incurred damages of $3420.31 computed as follows: $3220.31 costs of repair plus $200 deductible on the plaintiff's insurance policy. Damages are not awarded for loss of use since the plaintiff had a "loaner" from the body shop without cost to her for the period her vehicle was undergoing repairs.
Judgment shall enter for the plaintiff in the amount of CT Page 13290 $3420.31 plus costs.
Klaczak, J.